**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAFAEL FABIAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-CV-01533 |
| v. | |
| | (MEHALCHICK, J.) |
| DRUG ENFORCEMENT ADMINISTRATION, | |
| Defendant. | |

**<u>MEMORANDUM</u>**

On September 10, 2024, *pro se* plaintiff Rafeal Fabian ("Fabian") initiated this action by filing a complaint against Defendant the Drug Enforcement Administration (the "DEA"). (Doc. 1). On April 14, 2025, the DEA filed a motion for summary judgment. (Doc. 16). On December 10, 2025, Magistrate Judge Sean A. Camoni filed a report and recommendation recommending that the Court grant the DEA's motion for summary judgment. (Doc. 27). On January 8, 2026, Fabian filed an objection to the report. (Doc. 30). On January 21, 2026, the DEA filed a brief in opposition to Fabian's objection. (Doc. 31). Based on the Court's review of the relevant filings along with the report, Fabian's objection is sustained, the Court declines to adopt the report, and the DEA's motion for summary judgment is denied.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Fabian's suit arises from a Freedom of Information Act ("FOIA") request he made to the DEA on February 28, 2022, and supplemented on March 28, 2022, and August 10, 2022, seeking records "relating to case number 16-131 (Sl)(DLI) or (1) 16 Cr. 131 (DLI)." (Doc. 1, ¶ 4). On November 27, 2023, the DEA responded to Fabian's FOIA request and informed him that it would be withholding all records pursuant to 5 U.S.C. § 552 (b)(7)(A). (Doc. 17, ¶

3; Doc. 21, at 2). Under 28 C.F.R. § 16.8, a party requesting FOIA information could appeal a denial of information to the Department of Justice Office of Information Policy (the "OIP"), but the parties dispute whether Fabian filed such an appeal. (Doc. 17, ¶ 4; Doc. 21, at 2). The DEA contends that there is no record of Fabian filing an appeal with the OIP. (Doc. 17, ¶ 4). Fabian avers that a letter he allegedly sent the OIP dated December 27, 2023, constitutes an appeal. (Doc. 21, at 2; Doc. 21-1). The DEA filed a motion for summary judgment on April 14, 2025, as their first responsive pleading. (Doc. 16).

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

### III. DISCUSSION

The DEA moves for summary judgment on the issue of administrative exhaustion. (Doc. 16; Doc. 18). Judge Camoni determined that the DEA is entitled to summary judgment because Fabian failed to establish that he exhausted his administrative remedies by filing an appeal with the OIP. (Doc. 27, at 5-12). According to Judge Camoni, to adequately demonstrate that he filed an appeal, and thus exhaust his administrative remedies, Fabian was required to submit a copy of the envelope he sent the OIP to the Court because under federal regulations, to appeal a denial of a FOIA request by mail, the plaintiff must send a letter in an envelope clearly marked "Freedom of Information Act Appeal" to the OIP and the envelope must be "postmarked . . . within 90 days of the date of [the agency's] response to [the] request." (Doc. 27, at 10). Fabian avers that he sufficiently presented evidence that he filed an appeal because he presented a copy of the letter he allegedly sent the OIP along with a sworn declaration declaring that he followed proper procedures when mailing his appeal. (Doc. 30, at 2-3, 7-8). Fabian further contends that the relevant regulations do not require proof of postmarking and do not require certified mail which would allow him to have easy access to tracking information. (Doc. 30, at 3-5). Fabian also argues that the Court should consider the fact that he is an incarcerated *pro se* plaintiff and thus has limited access to postmarked envelopes and mail records. (Doc. 30, at 3-5). Fabian finally asserts that, under the prison mailbox rule, his appeal should have been deemed filed the day he delivered it to prison authorities for mailing. (Doc. 30, at 5-7).

As correctly noted by Judge Camoni, to file a suit based on a FOIA violation, a plaintiff must first exhaust their administrative remedies. (Doc. 27, at 6); see *Biear v. Att'y Gen. United States*, 905 F.3d 151, 155 (3d Cir. 2018). The Court agrees with Judge Camoni that, in

order to have exhausted his administrative remedies, Fabian must have followed regulations regarding appealing a FOIA decision and sent an appeal letter to the OIP with an envelope post marked within ninety days of the DEA's decision to deny his FIOA request. (Doc. 27, at 9-10); *see Biear*, 905 F.3d at 156 (noting that exhaustion is determined by compliance with federal regulations); *see also* 28 C.F.R. § 16.8 (a) (stating that an appeal sent by mail must be post marked ninety days after a FOIA decision). The Court, however, disagrees with Judge Camoni's conclusion that Fabian presents insufficient evidence that he appealed his FOIA denial to survive summary judgment at this stage. (Doc. 27, at 9-12).

The DEA filed its motion for summary judgment as its first responsive pleading and before discovery. (Doc. 16). A defendant may move for summary judgment prior to discovery. *See* Fed. R. Civ. P. 56 (b) (stating "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery"). However, "[w]hen a party moves for summary judgment before the nonmoving party has had an opportunity to develop the record through the discovery process, a court should exercise caution in granting a motion for summary judgment." *Petersen v. Nat'l Flood Ins. Program*, 200 F. Supp. 2d 499, 503 (E.D. Pa. 2002); *see also Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (stating "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment"). Courts should deny motions for summary judgment as premature where the opposing party demonstrates they could produce evidence sufficient to survive a motion for summary judgment if given the opportunity to conduct discovery. *See Wilson v. United States*, 79 F.4th 312, 320 (3d Cir. 2023) (reversing a district court's pre-discovery grant of summary judgment because the *pro se* plaintiff asserted that he could, after having had the benefit of discovery, produce expert evidence to defeat summary judgment); *see also Riley v. United States*, No. 3:24-CV-02250, 2026

4

WL 526363, at *2 (M.D. Pa. Feb. 25, 2026) (denying a pre-discovery motion for summary judgment as premature because a *pro se* plaintiff could produce evidence after discovery supporting his claims).

In addition to being cautious about pre-discovery summary judgment, courts must also be mindful of the unique difficulties incarcerated *pro se* litigants face when gathering evidence. *See Montgomery v. Pinchak*, 294 F.3d 492, 503 (3d Cir. 2002) (noting that incarcerated *pro se* plaintiffs' "confinement [limit their] ability to conduct discovery in support of [their] claim[s]); *see also Houser v. Beard*, No. CIV.A. 10-0416, 2013 WL 3943510, at *4 (W.D. Pa. July 30, 2013), *report and recommendation adopted*, No. CIV.A. 10-0416, 2013 WL 4494373 (W.D. Pa. Aug. 22, 2013) (stating "[a] court should consider a prisoner-litigant's inability to gather facts relevant to the proof of his claim and should be sensitive to his discovery difficulties"). Thus, the Court agrees with Fabian that requiring him to provide a post-marked envelope, pre-discovery, in order to defeat summary judgment on the issue of exhaustion was in error. (Doc. 27, at 10; Doc. 30, at 3-5). Fabian produced what he contends is a copy of an appeal letter he sent to the OIP dated December 27, 2023, and filed a declaration swearing that he sent it within ninety days of the DEA's decision to deny his FIOA request. (Doc. 21-1; Doc. 22). At this early stage, the Court cannot conclude that Fabian would not be able to show he sent a timely post-marked letter to the OIP. As such, summary judgment is premature. *See Wilson*, 79 F.4th at 320; *see also Riley*, 2026 WL 526363, at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court **DECLINES** to adopt the report (Doc. 27) and **SUSTAINS** Fabian's objection. (Doc. 30). The DEA's motion for summary judgment is **DENIED without prejudice** to its ability to re-raise the issue of administrative exhaustion

after discovery. (Doc. 16). The Court further **ORDERS** limited discovery on the issue of administrative exhaustion to be completed within twenty-eight days of the accompanying Order, or on or before Monday, March 30, 2026.

An appropriate Order follows.

**Dated: March 2, 2026**                     *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States District Judge**